IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

QUAN JORDAN,

    Petitioner,

v.

MICHAEL SHEETS, WARDEN,

    Respondent.

CASE NO. 2:10-CV-34
JUDGE JAMES L. GRAHAM
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

On February 21, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections and supplemental objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections and supplemental objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner again raises all of the same arguments he previously presented. Specifically, Petitioner indicates that he asserts he was denied effective assistance of trial counsel based on his attorney's failure to investigate, interview witnesses, and failure to prepare for trial, as well as his attorney's failure to file a Notice of Alibi and failure to call defense witnesses. Petitioner complains that the Magistrate Judge addressed only his attorney's failure to file a Notice of Alibi.[1] Petitioner objects to the Magistrate

---

[1] The *Report and Recommendation*, in discussing the procedural default of claims two through five, erroneously refers to habeas corpus claim one as claim two, and claim two as claim five. *Report and Recommendation*, at 14. This error, however, does not alter the outcome of these proceedings or the reasoning set forth by the Magistrate Judge in her *Report and*

Judge's recommendation of dismissal of claims two through five as procedurally defaulted. He contends that, because he raised his claims in the context of ineffective assistance of appellate counsel on appeal to the Ohio Supreme Court, he thereby has properly preserved his claims for review in these proceedings. Petitioner asserts he is innocent of the charges, and that witness identifications of him as the perpetrator were erroneous or false. Petitioner objects to the Magistrate Judge's conclusion that he waived his claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), by failing to raise the claim in post-conviction proceedings. Petitioner asserts that this claim was readily apparent from the face of the record. He complains that the Magistrate Judge refused to expand the record, arguing that, because juror questionnaires were a part of the trial court record, they may properly be considered by this Court. He complains that his appellate counsel failed to obtain the transcripts of *voir dire*. Petitioner argues at length that he was denied effective assistance of counsel because his attorney failed to raise an issue regarding a juror who had viewed a newscast regarding his trial. Petitioner objects to certain factual findings of the state appellate court. He seeks an evidentiary hearing on his claims.

Petitioner's arguments are not persuasive. The factual findings of the Ohio Court of Appeals are presumed to be correct in these proceedings and Petitioner has failed to rebut these findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Moreover, and despite Petitioner's arguments to the contrary, this Court remains unpersuaded that he preserved any of his claims for review, aside from his claim of ineffective assistance of appellate counsel, by raising them in the first instance in the Ohio Supreme Court.

Further, the record fails to reflect that Petitioner is actually innocent of the charges:

---

*Recommendation.*

2

The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005) (footnote omitted). Petitioner has failed to

meet this standard here. Accordingly, the Court may not review his otherwise procedurally defaulted

claims.

Additionally, Petitioner's claim of ineffective assistance of counsel based on his attorney's

failure to raise an issue regarding alleged juror misconduct involving watching a news program is

waived. This claim was readily apparent from the face of the record, *see Trial Transcript*, at 8-10,[2]

---

[2] The following discussion transpired:

COURT: Why don't you tell us what you heard. . . .

PROSPECTIVE JUROR NO. 1: Just basically that he was in court today and there were two charges against him.

COURT: Anything else?

and should have been raised on direct appeal, but was not. Petitioner raised the claim in his petition

for post conviction relief, attaching a copy of the newscast allegedly viewed by the juror at issue, but

the state appellate court refused to address the merits of the claim as barred under Ohio's doctrine

of *res judicata*:

> Appellant . . . argues that he was prejudiced by a juror who had
> viewed a news broadcast about his trial. The evidence presented by
> appellant in support of this argument is an unauthenticated transcript
> of a news broadcast, which he claims was viewed by the juror. We
> find this argument is likewise barred by *res judicata* and,
> alternatively, note that such evidence is insufficient to warrant a
> hearing.

*State v. Jordan,* No. 08AP-1074, 2009 WL 1263653, at *4 (Ohio App. 10th Dist. May 5, 2009).

Petitioner asserts that he attached in support of his claim in post conviction proceedings, a copy of

the news broadcast on a VHS tape as well as an unauthenticated transcript of the broadcast, which

would have established that the juror lied regarding what he saw on the news, because the newscast

identified him by name, indicating he had a prior conviction for a similar offense. *Objections,* at 9,

---

PROSPECTIVE JUROR NO. 1: That was it.

COURT: That was it?

PROSPECTIVE JUROR NO. 1: They cut it off right there.

\*\*\*

They showed a picture of him. It doesn't look like him now though.

\*\*\*

That's all they said pretty much and they went to a different story.

*Trial Transcript,* at 8-9. The trial court thereafter advised the jury not to view any media
coverage regarding the case. *Id.* at 10.

4

Doc. 25.

Accepting as true Petitioner's representations and assuming, *arguendo,* that this Court may properly review Petitioner's claim here, this claim nonetheless fails to warrant relief. Petitioner cannot demonstrate that the juror heard or saw the news story indicating he had a prior conviction for a similar offense. Nothing in the record otherwise supports his allegation of juror misconduct or perjury.

As to the Magistrate Judge's refusal to grant Petitioner's motion to expand the record to include juror questionnaires and information sheets and recommendation of dismissal of his claim under *Batson* as procedurally defaulted, upon review of the record, this Court agrees with the conclusions of the Magistrate Judge. Although the jury questionnaires may have been a part of the trial record, Petitioner failed to raise this claim either on direct appeal or in post conviction proceedings. The state courts thus did not address the merits of his claim. For reasons addressed by the Magistrate Judge, this claim therefore is waived and this Court need not consider the juror questionnaires.

Liberally construing Petitioner's habeas corpus petition to include a claim of ineffective assistance of counsel based on his attorney's failure to investigate, interview witnesses, and failure to prepare for trial, the record fails to support a basis for these claims under *Strickland v. Washington*, 466 U.S. 668 (1984). The record likewise fails to reflect an evidentiary hearing is warranted.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections and supplemental objections (Docs. 25, 26) are **OVERRULED.** The *Report*

5

*and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

   **IT IS SO ORDERED.**


                                         JAMES L. GRAHAM
                                         United States District Judge