IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

QUAN JORDAN,

    Petitioner,

v.

MICHAEL SHEETS, WARDEN,

    Respondent.

CASE NO. 2:10-CV-34
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE ELIZABETH P. DEAVERS

## OPINION AND ORDER

On June 29, 2012, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's July 13, 2012, *Notice of Appeal,* his August 1, 2012, *Request to Proceed in Forma Pauperis* on appeal and the September 14, 2012, *Request for a Certificate of Appealability.* Docs. 29, 31, 32. For the reasons that follow, Petitioner's requests (Docs. 31, 32) are **DENIED**.

Petitioner asserts in this federal habeas corpus petition that he was denied a fair trial based on admission of evidence he had previously served prison time for rape charges (claim one); the systematic exclusion of black jurors (claim two); improper jury instructions indicating the jury could consider his decision not to testify (claim three); he was convicted in violation of the Confrontation Clause (claim four); denied effective assistance of counsel (claims five, six, and ten); sentenced in violation of the Ex Post Facto Clause and due process (claims seven and eight); and denied the right to indictment by a grand jury and equal protection by an indictment that failed to state an offense (claim nine). In addition to a certificate of appealability on the Courts denial of each claim in his habeas petition, petitioner also seeks a certificate of appealability on this Court's denial of his motion

to expand the record to include a copy of juror questionnaires, which documents Petitioner failed to present to the state courts in support of his claims. *See Request for a Certificate of Appealability*, Doc. 32.

On June 29, 2012, the Court dismissed Petitioner's claims two through five as procedurally defaulted and claims one and seven through ten on the merits. Claim five was dismissed on the merits, with the exception of Petitioner's allegation of ineffective assistance of appellate counsel based on his attorney's failure to raise a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), which claim the Court dismissed as procedurally defaulted.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 & n.4).

Where the Court has dismissed a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is

2

dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 85. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner has failed to establish that reasonable jurists would debate whether claims one, five, and seven through ten should have been resolved differently, or whether the Court correctly dismissed claims two through five as waived and denied Petitioner's motion to expand the record. The Court therefore **DENIES** Petitioner's request for a certificate of appealability.

Petitioner also requests to proceed *in forma pauperis* on appeal (Doc. 31). Under Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a party who was permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* unless the Court certifies that the appeal is not taken in good faith. *See also* 28 U.S.C. 1915(a)(3). In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson*, 40 F.Supp.2d 957, 967 (W.D.Tenn.1999). However,

> "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill–Masching*, 2002 WL 15701, * 3 (N.D.Ill. Jan.4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir.2000).

3

*Penny v. Booker,* No. 05–70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith. Petitioner's request for a certificate of appealability, as well as his request to proceed *in forma pauperis* on appeal, Docs. 31, 32, therefore are **DENIED**.

    **IT IS SO ORDERED.**

                                      JAMES L. GRAHAM
                                      United States District Judge